UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CROGA INNOVATIONS LTD., <br><br> Plaintiff, <br> v. <br><br> CISCO SYSTEMS, INC., <br><br> Defendant. | Case No. 2:24-cv-00065-JRG <br> (Lead Case) <br><br> **JURY TRIAL DEMANDED** |
| CROGA INNOVATIONS LTD., <br><br> Plaintiff, <br> v. <br><br> FORTINET, INC., <br><br> Defendant. | Case No. 2:24-cv-00206-JRG <br> (Member Case) <br><br> **JURY TRIAL DEMANDED** |
| CROGA INNOVATIONS LTD., <br><br> Plaintiff, <br> v. <br><br> PALO ALTO NETWORKS, INC., <br><br> Defendant. | Case No. 2:24-cv-00208-JRG <br> (Member Case) <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................1

II. FACTUAL BACKGROUND................................................................................................2

III. LEGAL STANDARD ...........................................................................................................3

IV. ARGUMENT.........................................................................................................................4

    A. It Is Speculative Whether A Stay Will Simplify The Issues .....................................4

    B. The Advanced Stage of the Case Weighs Against A Stay ........................................6

    C. A Stay Will Unduly Prejudice Croga ........................................................................8

V. CONCLUSION ....................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**

*Allure Energy, Inc. v. Nest Labs, Inc.*,
  No. 9:13-cv-00102, 2015 WL 11110606 (E.D. Tex. Apr. 2, 2015) ......................................8, 10

*Allvoice Developments US, LLC v. Microsoft Corp.*,
  No. 6:09-cv-00366, 2010 WL 11469800 (E.D. Tex. June 4, 2010) ..........................................10

*Chrimar Sys., Inc. v. Adtran Inc.*,
  No. 6:15-cv-00618-JRG, 2016 WL 4080802 (E.D. Tex. Aug. 1, 2016) ..................................8, 9

*Croga Innovations Ltd. v. Fortinet, Inc.*,
  No. 2:24-cv-00206-JRG, Dkt. No. 1 (E.D. Tex. Mar. 22, 2024) ..................................................2

*Croga Innovations Ltd. v. Palo Alto Networks, Inc.*,
  No. 2:24-cv-00208-JRG, Dkt. No. 1 (E.D. Tex. Mar. 22, 2024) ..................................................2

*Harbor Island Dynamic, LLC v. Samsung Elecs. Co. Ltd., et al.*,
  No. 2:24-cv-00140-JRG-RSP, Dkt. No. 62 (E.D. Tex. Dec. 18, 2024) ..................................1, 4

*Luminati Networks Ltd. v. Teso LT, UAB*,
  No. 2:19-CV-00395-JRG, 2020 WL 6803255 (E.D. Tex. Oct. 30, 2020) ..................................5

*Maxwell Ltd. v. Apple Inc.*,
  No. 5:19-cv-00036-RWS, 2020 WL 10456915 (E.D. Tex. Apr. 27, 2020) ...............................9

*MyPort, Inc. v. Samsung Elecs. Co. Ltd., et al.*,
  No. 2:22-cv-00114-JRG, Dkt. No. 73 (E.D. Tex. June 13, 2023) ..................................6, 7, 8, 9

*Nanoco Techs. Ltd. v. Samsung Elecs. Co.*,
  No. 2:20-CV-00038-JRG, 2021 WL 3027335 (E.D. Tex. Jan. 8, 2021) ....................................1

*Netlist, Inc. v. Samsung Elecs. Co. Ltd.*,
  No. 2:22-cv-00293-JRG, Dkt. No. 180 (E.D. Tex. Oct. 17, 2023) .........................................1, 3

*NFC Tech. LLC v. HTC Am., Inc.*,
  2015 WL 1069111 (E.D. Tex. Mar. 11, 2015) (Bryson, J.) .......................................................4

*Parallel Networks Licensing, LLC v. Ramquest Software, Inc.*,
  No. 4:19-cv-00487, 2020 WL 1236266 (E.D. Tex. Mar. 13, 2020) ...........................................5

*Peloton Interactive, Inc. v. Flywheel Sports, Inc.*,
  2019 WL 3826051 (E.D. Tex. Aug. 14, 2019) ......................................................................4, 9

*Rapid Completions LLC v. Baker Hughes, Inc.*,
  No. 6:15-cv-00724, 2016 WL 3079509 (E.D. Tex. June 1, 2016) .............................................5

*Realtime Data LLC v. Actian Corp.*,
   No. 6:15-cv-00463-RWS-JDL, 2016 WL 3277259 (E.D. Tex. June 14, 2016)......................3, 8

*Realtime Data LLC v. Actian Corp.*,
   No. 6:15-cv-00463-RWS-JDL, 2016 WL 9340796 (E.D. Tex. Nov. 29, 2016) .........................8

*Realtime Data, LLC v. Hewlett Packard Enter. Co.*,
   2017 WL 3712916 (E.D. Tex. Feb. 3, 2017)...........................................................................4

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
   No. 2:13-cv-00213-JRG, 2015 WL 627887 (E.D. Tex. Jan. 29, 2015).......................................9

*Soverain Software LLC v. Amazon.com, Inc.*,
   356 F. Supp. 2d 660 (E.D. Tex. 2005)....................................................................................4

*Staton Techiya, LLC v. Samsung Elecs. Co.*,
   No. 2:21-cv-00413-JRG-RSP, 2022 WL 4084421 (E.D. Tex. Sept. 6, 2022) ............................4

*Trover Grp., Inc. v. Dedicated Micros USA*,
   No. 2:13-CV-1047-WCB, 2015 WL 1069179 (E.D. Tex. Mar. 11, 2015) (Bryson, J.)..........5, 6

*Unifi Sci. Batteries, LLC v. Sony Mobile Commc'ns AB*,
   No. 6:12-cv-00221-LED-JDL, 2014 WL 4494479 (E.D. Tex. Jan. 14, 2014)............................8

*Viavi Sols. Inc. v. Zhejiang Crystal-Optech Co.*,
   No. 2:21-cv-00378-JRG, 2022 WL 16856099 (E.D. Tex. Nov. 10, 2022) ................................5

**Rules**

37 C.F.R. § 42.100................................................................................................................8

## I. INTRODUCTION

Defendants Cisco Systems, Inc. ("Cisco"), Fortinet, Inc. ("Fortinet"), and Palo Alto Networks, Inc. ("PAN") (collectively, "Defendants") joint request to stay this case prior to the Patent Board having made a decision on institution of Defendants' petitions for *inter partes review* should be denied. Dkt. No. 65 ("Mot." or "Motion"). All three stay factors heavily weigh against granting Defendants' Motion to Stay.

First, any alleged simplification is purely speculative. As this Court and others in this district have repeatedly explained, it is premature to stay the district court litigation prior to the Board's decisions on institution. *See, e.g.*, *Netlist, Inc. v. Samsung Elecs. Co. Ltd.*, No. 2:22-cv-00293-JRG, Dkt. No. 180 at 3 (E.D. Tex. Oct. 17, 2023). In fact, the "universal practice" in this district is to deny pre-institution motions to stay. *See Harbor Island Dynamic, LLC v. Samsung Elecs. Co. Ltd., et al.*, No. 2:24-cv-00140-JRG-RSP, Dkt. No. 62 at 1 (E.D. Tex. Dec. 18, 2024). The Court should follow its standard practice and deny Defendants' Motion here. *See Nanoco Techs. Ltd. v. Samsung Elecs. Co.*, No. 2:20-CV-00038-JRG, 2021 WL 3027335, at *1 (E.D. Tex. Jan. 8, 2021) ("this Court has a consistent practice of denying motions to stay when the PTAB has yet to institute post-grant proceedings.").

Second, this case is not in its early stages. Rather, substantial discovery has already taken place. Defendants have all produced, and Plaintiff Croga Innovations Ltd. ("Croga") has reviewed, thousands of technical documents. In addition, Defendants have all produced, and Croga's experts have reviewed, source code related to the accused functionality. Croga has also reviewed countless third-party technical documents and source code, including documents related to conception and reduction to practice. Further, the parties have negotiated, and the Court has entered, a docket control order, a discovery order, and a protective order, and the claim construction process is

1

already underway.  Even *if* the Board grants institution, proceeding in this Court will provide a quicker resolution of the parties' disputes because again, the final written decisions would not issue until months *after* the already-scheduled jury trial.

Last, a multi-year stay prejudices Croga's ability to timely enforce and seek adjudication of its patent rights.  Trial in this case is scheduled for October 2025 and many key case deadlines are rapidly approaching.  Even *if* the Board were to institution IPR on any of the patents-in-suit,[1] the Board's final written decisions would not issue until February 2026—four months *after* the already scheduled jury trial.  And that does not include the possibility that the Board's decision is delayed or that the Defendants can thereafter appeal the Board's decision.  Staying this case for potentially *years* not only prejudices Croga's right to enforce its patents, and it also risks the loss of testimonial and documentary evidence important to Croga's infringement allegations.

Accordingly, the Court should deny Defendants' Motion.

## II.     FACTUAL BACKGROUND

On February 1, 2024, Croga initiated this action against Cisco alleging that certain Cisco products infringe three of Croga's patents.  Dkt. No. 1.  On March 22, 2024, Croga filed a Complaint against Fortinet alleging that certain Fortinet products infringe one of Croga's patents, and on the same day, Croga filed an additional Complaint against PAN alleging that certain PAN products also infringe one of Croga's patents.  *See Croga Innovations Ltd. v. Fortinet, Inc.*, No. 2:24-cv-00206-JRG, Dkt. No. 1 (E.D. Tex. Mar. 22, 2024) (Member Case); *see also Croga Innovations Ltd. v. Palo Alto Networks, Inc.*, No. 2:24-cv-00208-JRG, Dkt. No. 1 (E.D. Tex. Mar. 22, 2024) (Member Case).  On April 8, 2024, Cisco filed an Answer to Croga's Complaint. Dkt.

---

[1] The "patents-in-suit" include U.S. Patent Nos. 7,736,368 (the "'368 Patent"), 10,601,780 (the "'780 Patent"), and 11,223,601 (the "'601 Patent") (collectively, "Asserted Patents").

No. 17.  On April 17, 2024, this Court issued a Consolidation Order, consolidating the above-referenced cases against Cisco, Fortinet, and PAN.  Dkt. No. 21.  On May 31, 2024, Fortinet and PAN filed their respective Answers to Croga's Complaint.  Dkt. Nos. 27, 30.

On May 15, 2024, Croga served its disclosure of asserted claims and infringement contentions on Defendants.  On June 14, 2024, Croga served supplemental infringement contentions on Fortinet.  On July 16, 2024, Croga served supplemental infringement contentions on Cisco.  On July 25, 2024, Croga served supplemental infringement contentions on PAN.  On December 4, 2024, Croga served its second supplemental infringement contentions on Cisco.  On August 5, 2024, Defendants served their invalidity contentions on Croga, and Cisco served its Subject Matter Eligibility Contentions on Croga.  A *Markman* hearing is scheduled for April 30, 2025 and jury selection is set to begin on October 20, 2025.  Dkt. No. 64 at 1-2.

On July 25, 2024, Cisco filed one IPR petition (IPR2024-01196).  On August 13, 2024, Cisco filed two additional IPR petitions (IPR2024-01282 and IPR2024-01283).  On September 16, 2024, PAN filed one IPR petition (IPR2024-01421).  On October 24, 2024, Fortinet filed one IPR petition (IPR2025-00086).  The Board's institution decisions are expected by February 21, 2025, and, if instituted, the Board's final written decisions are expected by February 21, 2026.

### III.   LEGAL STANDARD

"Courts have the inherent power to manage their dockets and stay proceedings." *Realtime Data LLC v. Actian Corp.*, No. 6:15-cv-00463-RWS-JDL, 2016 WL 3277259, at *1 (E.D. Tex. June 14, 2016).  This Court has previously held that it "is premature" to stay proceedings the PTAB has not issued a decision on whether to institute an IPR.  *Netlist*, No. 2:22-cv-00293-JRG, Dkt. No. 180 at 3.  "The party seeking a stay bears the burden of showing that such a course is appropriate." *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, 2019 WL 3826051, at *1 (E.D.

3

Tex. Aug. 14, 2019) (quoting *Realtime Data, LLC v. Hewlett Packard Enter. Co.*, 2017 WL 3712916, at *3 (E.D. Tex. Feb. 3, 2017)).

"District courts typically consider three factors when deciding whether to stay litigation pending IPR of the asserted patent(s): (1) whether the stay will unduly prejudice the non-moving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set and (3) whether the stay will simplify the issues in question in the litigation." *Staton Techiya, LLC v. Samsung Elecs. Co.*, No. 2:21-cv-00413-JRG-RSP, 2022 WL 4084421, at *1 (E.D. Tex. Sept. 6, 2022); *see also Soverain Software LLC v. Amazon.com, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005). Speculation is not enough to meet Defendants' burden here. *NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *1 (E.D. Tex. Mar. 11, 2015) (Bryson, J.) (simplification of issues "is speculative before the PTAB decides whether to institute inter partes review.").

## IV. ARGUMENT

"The 'universal practice' in this District, as well as the practice of most district courts, is to deny a motion for stay when the Patent Trial and Appeal Board has not yet acted on a petition for *inter partes* review." *Harbor Island Dynamic*, No. 2:24-cv-00140-JRG-RSP, Dkt. No. 62 at 1 (denying motion to stay as premature). "The reasoning behind this is that unless the Board indicates there is a serious chance it will invalidate all the asserted claims, the Court will not needlessly wait to rule on the remaining asserted claims." *Id.* Here, the Board has not instituted *inter partes* review of any of the asserted patents in this case. Accordingly, the Court should follow the "universal practice" and deny Defendants' Motion.

### A. It Is Speculative Whether A Stay Will Simplify The Issues

Any alleged simplification in this case is purely speculative because the PTAB has not yet

decided whether or not to institute *inter partes* review on any of Defendants' Petitions.

"It is the Court's established practice to consider that motions to stay pending IPR proceedings which have not been instituted are **inherently premature** and should be denied as such." *Viavi Sols. Inc. v. Zhejiang Crystal-Optech Co.*, No. 2:21-cv-00378-JRG, 2022 WL 16856099, at *5 (E.D. Tex. Nov. 10, 2022) (emphasis added). "At this nascent stage of the PTAB proceedings, it is impossible for the Court to determine 'whether the stay will likely result in simplifying the case before the court.'" *Id.* Accordingly, "this Court has a consistent practice of denying motions to stay when the PTAB has yet to institute post-grant proceedings." *Luminati Networks Ltd. v. Teso LT, UAB*, No. 2:19-CV-00395-JRG, 2020 WL 6803255, at *1 (E.D. Tex. Oct. 30, 2020); *see also Rapid Completions LLC v. Baker Hughes, Inc.*, No. 6:15-cv-00724, 2016 WL 3079509, at *2 (E.D. Tex. June 1, 2016) ("Prior to institution, it is too speculative to determine whether the outcome of a non-instituted IPR will even present any alternative to litigation."); *Parallel Networks Licensing, LLC v. Ramquest Software, Inc.*, No. 4:19-cv-00487, 2020 WL 1236266, at *4 (E.D. Tex. Mar. 13, 2020) ("Indeed, courts in this district have declined to grant stays prior to the PTAB's institution decision on the ground that it is difficult to predict the effect that a stay would have on the issues in the case."); *Trover Grp., Inc. v. Dedicated Micros USA*, No. 2:13-CV-1047-WCB, 2015 WL 1069179, at *6 (E.D. Tex. Mar. 11, 2015) (Bryson, J.) ("it is the universal practice" of courts in this District to deny preinstitution motions to stay). "Indeed, if the PTAB denies institution of the IPRs, there will be no simplification of the case before the Court at all." *Viavi*, 2022 WL 16856099, at *5.

The Defendants started filing their IPR Petitions in July 2024, and the last Petition was filed in October 2024. Institution decisions on the Defendants' Petitions are not expected until February 2025. Accordingly, Defendants' Motion is "inherently premature" at this stage.

Defendants try to detract from their premature Motion by citing general PTAB trial statistics. *See* Motion at 3. As this Court has recognized, however, these statistics "are not especially enlightening as to the likely disposition of any particular patents or claims, since the likelihood of invalidation depends entirely on the particulars of the patents and the claims in dispute." *Trover Group, Inc.*, 2015 WL 1069179, at *4. Rather, "it would be speculative for the Court to extrapolate from the statistics and conclude that it is likely that the PTAB will institute *inter partes* review in this case and invalidate some or all of the claims[.]" *Id.* That same reasoning applies here. This factor weighs against a stay.

**B.     The Advanced Stage of the Case Weighs Against A Stay**

This case is not in its early stages. To the contrary, "[d]iscovery is well underway." *MyPort*, No. 2:22-cv-00114-JRG, Dkt. No. 73 at 4 ("Discovery is well underway… [t]he parties have exchanged thousands of documents, MyPort has taken depositions of Samsung witnesses in Korea, and numerous source code inspections have taken place."). For example, the Defendants have produced, and Croga has reviewed, thousands of technical documents, the vast majority of which are marked highly confidential. Ratycz Decl.[2] at ¶ 2. Specifically, Defendant Cisco has produced over 3,500 technical documents, Defendant PAN has produced over 2,500 technical documents, and Defendant Fortinet has produced over a hundred technical documents. *Id.* at ¶¶ 2-4. In addition, all three defendants have produced source code related to the functionality of the asserted patents in the Defendants' products and that source code has already been reviewed by Croga's experts. *Id.* at ¶¶ 5-7.

Additional source code has been produced by third-party Menlo Security Inc. in response to a subpoena served by Cisco. *Id.* at ¶ 8. Croga also served a subpoena on Menlo Security Inc.

---

[2] Citation to "Ratycz Decl." herein refers to the Declaration of Ashley Ratycz filed herewith.

6

requesting additional source code. *Id.* at ¶ 9. A response to Croga's subpoena is due from Menlo Security Inc. at the end of January. *Id.* But that's not all. Defendants also subpoenaed L3Harris—the entity that sold the patents-in-suit to Croga—and L3Harris has produced over 5,000 documents related to the conception and reduction to practice of the inventions disclosed in the Asserted Patents. *Id.* at ¶¶ 10-11. As such, there can be no dispute that discovery is "well underway" since the parties have already expended considerable time and resources on document and source code production and review.

In addition, the parties have negotiated, and the Court has entered a Docket Control Order, Discovery Order, and Protective Order. Dkt. No. 64 at 6. The parties have exchanged initial disclosures, infringement contentions, and invalidity contentions. *Id.* The parties have begun the claim construction process and a *Markman* hearing date is set for April 30, 2025. *Id.* at 4-5; *see, e.g.*, *MyPort*, No. 2:22-cv-00114-JRG, Dkt. No. 73 at 4 ("The Markman hearing is set for August 15, 2023, and the claim construction process is underway."). "Given the substantial amount of work and financial resources already poured into this case, this factor does not favor a stay." *MyPort*, No. 2:22-cv-00114-JRG, Dkt. No. 73 at 5.

The Board will not decide whether to institute *inter partes* review in this case until February 2025. At that point, the parties will be fully engaged in the claim construction process, which is already underway. *See* Dkt. No. 64 at 4-5. However, even if the Board were to institute proceedings on any of the Petitions, the Board's final written decision would not be due until February 2026—four months *after* the jury trial is scheduled to begin. Moreover, the Board could delay its final written decisions by up to six months, further pushing out resolution of Croga's patent claims. This doesn't account for the fact that Defendants can thereafter appeal the Board's decision further delaying this litigation in the district court. Ultimately, granting a stay in this case

could delay the case for *years*. *See, e.g.*, *MyPort*, No. 2:22-cv-00114-JRG, Dkt. No. 73 at 4 ("Granting a stay in this case could delay the case by nearly two years, as the PTAB decision is not due until over two months after jury trial is set begin."). As this Court found in similar cases, this weighs against a stay. *Id.*; *see also Realtime Data LLC*, 2016 WL 3277259 at *2; *Chrimar Sys.*, 2016 WL 4080802, at *3.

### C. A Stay Will Unduly Prejudice Croga

Croga has an undeniable interest in the timely enforcement of its patent rights. *See, e.g.*, *Realtime*, 2016 WL 3277259, at *2 ("[Plaintiff] has an interest in the timely enforcement of its patent rights."). Defendants' requested stay pending resolution of the not-yet instituted IPRs could potentially postpone resolution of this case for *years*. That is, even if the Board does institute review, its final written decisions are not expected until February 25, 2026 – *four months* after the already scheduled October 2025 jury trial. That date can be further pushed out by the Board with good cause. 37 C.F.R. § 42.100(c) ("An *inter partes* proceeding shall be administered such that pendency before the Board after institution is normally no more than one year. The time can be extended by up to six months for good cause…"). "Staying this litigation in order to wait for an IPR decision that is not due until months *after* trial has already taken place would prejudice [Croga]." *Realtime Data LLC v. Actian Corp.*, No. 6:15-cv-00463-RWS-JDL, 2016 WL 9340796, at *3 (E.D. Tex. Nov. 29, 2016). Moreover, if the Defendants are "dissatisfied with the PTAB's decision regarding the IPR, [they] may then appeal the decision to the Federal Circuit, potentially delaying the case even longer." *Unifi Sci. Batteries, LLC v. Sony Mobile Commc'ns* AB, No. 6:12-cv-00221-LED-JDL, 2014 WL 4494479, at *2 (E.D. Tex. Jan. 14, 2014); *see also Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9:13-cv-00102, 2015 WL 11110606, at *1 (E.D. Tex. Apr. 2, 2015) ("[a]fter the IPR decision[s] issue[], the possibility of appeal further prolongs the final resolution

8

of this matter."). Because Croga's patent rights will be more timely addressed in this Court at the October 2025 jury trial, Croga will suffer undue prejudice by a stay of the proceedings at this juncture. *See Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 2:18-CV-00390-RWS-RSP, 2019 WL 3826051, at *4 (E.D. Tex. Aug. 14, 2019) ("a final determination for the '315 Patent likely would not be made until eight months after the currently scheduled jury selection date, and this fact suggests that the prejudice factor should weigh against a stay.").

The prejudice to Croga exists even though Croga is a non-practicing entity. *See, e.g.*, *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.,* No. 2:13-cv-00213-JRG, 2015 WL 627887, at *2 (E.D. Tex. Jan. 29, 2015). Likewise, the fact that Croga does not compete with the Defendants does not preclude Croga from experiencing prejudice. *See Chrimar Sys., Inc. v. Adtran Inc.*, No. 6:15-cv-00618-JRG, 2016 WL 4080802, at *3 (E.D. Tex. Aug. 1, 2016) ("The fact that [plaintiff] does not sell products that compete with [defendant] would not preclude [plaintiff] from experiencing prejudice if the Court granted Defendants' motion to stay."); *Maxwell Ltd. v. Apple Inc.*, No. 5:19-cv-00036-RWS, 2020 WL 10456915, at *2 (E.D. Tex. Apr. 27, 2020) ("The mere fact that [plaintiff] is not currently practicing the patents does not mean that, as a matter of law, it is not prejudiced by a substantial delay of an imminent trial date."). Rather, "[a]s this Court has observed, the fact that a plaintiff seeks a monetary recovery from a well-heeled defendant does not mean, *ipso facto,* that a lengthy delay in adjudicating the plaintiff's patent rights does it no prejudice." *MyPort, Inc. v. Samsung Elecs. Co. Ltd., et al.*, No. 2:22-cv-00114-JRG, Dkt. No. 73 at 4, fn. 2 (E.D. Tex. June 13, 2023).

Granting Defendants' requested stay will "create a substantial delay that could cause prejudice by preventing Plaintiff from moving forward with its infringement claims and by risking the loss of evidence as witnesses become unavailable and memories fade." *Allvoice Developments*

9

*US, LLC v. Microsoft Corp.,* No. 6:09-cv-00366, 2010 WL 11469800, at *4 (E.D. Tex. June 4, 2010) (holding that a stay of ten months would). For example, the deadline to complete fact discovery is May 23, 2025 and the parties have yet to take fact depositions at this juncture. A stay at this juncture will cast significant uncertainty over whether the parties' fact witnesses will be available at some unknown time in the future. To that end, an indefinite stay "tactically disadvantages Plaintiff, as the longer this matter persists, the more likely it is that evidence and witnesses' memories will disappear or deteriorate." *Allure Energy*, 2015 WL 11110606, at *1. This factor weighs against granting Defendants' Motion.

## V. CONCLUSION

For at least the reasons stated above, the Court should follow this District's established practice and deny Defendants' pre-institution Motion to Stay.

Dated: January 17, 2025

Respectfully submitted,

By: */s/ Brett Cooper*
Brett E. Cooper (NY SBN 4011011)
bcooper@bc-lawgroup.com
Seth Hasenour (TX SBN 24059910)
shasenour@bc-lawgroup.com
Jonathan Yim (TX SBN 24066317)
jyim@bc-lawgroup.com
Drew B. Hollander (NY SBN 5378096)
dhollander@bc-lawgroup.com
Ashley M. Ratycz (IL SBN 6330321)
aratycz@bc-lawgroup.com

**BC LAW GROUP, P.C.**
200 Madison Avenue, 24ʰ Floor
New York, NY 10016
Telephone: (212) 951-0100

***Attorneys for Plaintiff Croga Innovations Ltd.***

10

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 17, 2025, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.

*/s/ Brett Cooper*
Brett Cooper

11