# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| CROGA INNOVATIONS LTD., | § § § § | |
| *Plaintiff,* | § | |
| v. | § § | CASE NO. 2:24-CV-00065-JRG (LEAD CASE) |
| CISCO SYSTEMS, INC., | § § § | |
| *Defendant.* | § | |
| CROGA INNOVATIONS LTD., | § § § § | |
| *Plaintiff,* | § | |
| v. | § § | CASE NO. 2:24-CV-00206-JRG (MEMBER CASE) |
| FORTINET, INC., | § § § | |
| *Defendant.* | § | |
| CROGA INNOVATIONS LTD., | § § § § | |
| *Plaintiff,* | § | |
| v. | § § | CASE NO. 2:24-CV-00208-JRG (MEMBER CASE) |
| PALO ALTO NETWORKS, INC., | § § § | |
| *Defendant.* | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Joint Motion to Stay Pending *Inter Partes* Review (the "Motion") filed by Defendants Cisco Systems, Inc. ("Cisco"), Fortinet, Inc. ("Fortinet"), and Palo Alto Networks, Inc. ("PAN") (collectively, "Defendants"). (Dkt. No. 65.) Having considered the Motion and the related briefing, and for the reasons set forth herein, the Court is of the opinion that the Motion should be **DENIED**.

I.  **BACKGROUND**

In this consolidated action, Plaintiff Croga Innovations Ltd. ("Croga") filed suit against Cisco, alleging infringement of U.S. Patent No. 7,736,368 ("the '368 Patent"), U.S. Patent No. 10,601,780 ("the '780 Patent"), and U.S. Patent No. 11,223,601 ("the '601 Patent") (collectively, the "Asserted Patents"). (Dkt. No. 65 at 1.) Plaintiff further alleges that Fortinet infringes the '780 Patent and that PAN infringes the '601 Patent. (*Id.*)

Between August 13, 2024, and October 24, 2024, Defendants petitioned for The Patent and Trials Appeal Board (the "PTAB") to institute IPR of the Asserted Patents. (*Id.*) On February 13, 2025, the PTAB denied the institution of the '780 Patent, but granted the institution of the '601 Patent. (Dkt. No. 90 at 2.) The parties expect the IPR of the '601 Patent to be resolved in February 2026—four months after the scheduled trial date (October 2025). (Dkt. No. 65 at 7.)

Defendants also petitioned the U.S. Patent & Trademark Office (the "Office") to institute *ex parte* reexamination of the '780 Patent on August 28, 2024. (Dkt. No. 100-1 at 1.) The Office subsequently issued an office action rejecting all of the '780 Patent's claims on April 1, 2025. (Dkt. No. 100 at 2.)

Finally, On December 30, 2024, Cisco and Croga filed the Joint Motion Regarding Stipulation of Dismissal of Croga's allegation that Cisco infringes the '368 Patent. (Dkt. No. 66 at 2.) Croga did *not* assert the '368 Patent against any other defendant. Accordingly, all claims of each Asserted Patent are either (a) dismissed, (b) instituted for review by the PTAB, or (c) stand rejected by the Patent Office. (Dkt. No. 100 at 2.)

II. **LEGAL STANDARD**

The district court has the inherent power to control its own docket, including the power to stay proceedings. *Clinton v. Jones*, 520 U.S. 681, 706 (1997). How to best manage the court's

docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

"District courts typically consider three factors when determining whether to grant a stay pending inter partes review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-01058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015) (Bryson, J.). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id*.

### III.   ANALYSIS

**(a) <u>Whether the stay will unduly prejudice the nonmoving party?</u>**

Defendants argue that a stay will not prejudice Croga because Croga neither competes with Defendants nor has any business apart from maintaining and asserting its patent portfolio. (Dkt. No. 65 at 6.) Defendants assert that a mere delay in collecting damages, if any, does not constitute prejudice. (*Id*.)

In response, Croga maintains that it has an interest in the timely enforcement of its patent rights despite being a non-practicing entity. (Dkt. No. 81 at 9.) Croga asserts that staying the case until the IPR of the '601 Patent results in a final, non-appealable decision would unduly prejudice its interest. (*Id*. at 8.)

"All parties have an interest in the timely vindication of their patent rights, regardless of their practicing status." *Headwater Research LLC v. Samsung Electronics Co., Ltd.*, No. 2:23-CV-00103-JRG-RSP, 2024 WL 5080240, at *2 (E.D. Tex. Dec. 11, 2024). Although this interest

"is not sufficient, standing alone, to defeat a motion to stay," the final written decision for the IPR of the '601 Patent could issue four months after the scheduled trial. *Cobblestone Wireless, LLC v. Cisco Systems, Inc.*, No. 2:23-cv-00454-JRG-RSP, 2024 WL 5047854, at *2 (E.D. Tex. Dec. 9, 2024) (citations omitted). Additionally, the court notes that the EPR of the '780 Patent could take tens of months to conclude as the Office has only issued a non-final office action on Apil 1, 2025. (Dkt. No. 100 at 2.)

Accordingly, this factor weighs against staying the case.

### (b) <u>Whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set?</u>

Defendants and Croga dispute the relevant time frame for evaluating this factor. Specifically, and in contrast to Croga, Defendants argue that the Court should evaluate the stage of the case at the time the motion was filed, whereas Croga insists that the Court may consider post-motion events. (Dkt. No. 82 at 2; Dkt. No. 73 at 3.)

The Court agrees with Croga. "***Usually***, the Court evaluates the stage of the case as of the time the motion was filed." *Cobblestone Wireless*, 2024 WL 5047854, at *2 (emphasis added). However, when a movant receives the benefit of post-motion facts in support of its motion to stay, the non-moving party should receive the same under this factor. *See MyPort, Inc. v. Samsung Electronics Co., Ltd.*, Case No. 2:22-CV-00114-JRG, Dkt. No. 73 at 4 ("[T]he Court is persuaded by [plaintiff's] argument that because [defendant] is receiving the benefit of post-motion facts— the PTAB decision instituting IPR—[plaintiff] should receive the same regarding the stage of litigation"). Accordingly, the stage of the case should be evaluated as of April 01, 2025, when the Office initiated EPR of the '780 Patent. (Dkt. No. 100 at 2.)

At that point, the parties had already invested a substantial amount of work and financial resources in the case. *See MyPort, Inc.*, 2:22-CV-00114-JRG, Dkt. No. 73 at 4. The Court has

4

set this case—which began over a year ago—for trial. (Dkt. No. 1; Dkt. No. 49 at 1.) Discovery is well underway as the deadline to substantially complete document production and exchange privilege logs has passed, the parties have exchanged and reviewed thousands of documents, including source code, and the Court has entered the Discovery Order. (Dkt. No. 49 at 4; Dkt. No. 81 at 1; Dkt. No. 63.) Additionally, the parties have filed claim construction briefs. (Dkt. No. 99; Dkt. No. 94.)

Accordingly, this factor weighs against staying the case.

**(c) Whether the stay will likely result in simplifying the case before the court?**

Defendants argue that the Motion should be granted because "all claims of each patent asserted against Cisco and Fortinet in these cases stand rejected by the Patent Office or instituted for review by the [PTAB]." (Dkt. No. 100 at 2.) Under these facts, Defendants have shown that "every asserted claim has a reasonable likelihood of being invalidated by the Board for the Court to grant the Motion." *Cobblestone Wireless*, 2024 WL 5047854 at *2 (E.D. Tex. Dec. 9, 2024).

Accordingly, this factor weighs in favor of a stay.

## IV.   CONCLUSION

For the reasons stated above, the Court finds that the balance of the factors weighs in favor of denying a stay in this case. Accordingly, the Motion (Dkt. No. 65) should be and hereby is **DENIED**.

**So ORDERED and SIGNED this 14th day of April, 2025.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE