IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CROGA INNOVATIONS LTD. | § § § | |
| v. | § § | Case No. 2:24-cv-00065-RWS-RSP (Lead Case) |
| CISCO SYSTEMS, INC. | § § | |

**ORDER**

Before the Court is the Defendants' Motion to Compel Plaintiff's Document Production (Dkt. No. 101), which came on for hearing on July 11, 2025. For the reasons assigned during the hearing, as well as those set forth herein, the motion is granted only in part.

It is not controverted that Gerald Padian is an owner and director of two companies—Atlantic IP Services Ltd. (Ireland) and Atlantic IP Services LLC (U.S.) (collectively "AIP")—and a number of smaller companies, like Plaintiff Croga, that own and assert patents, and rely upon AIP for advisory services. Mr. Padian is an owner and director of all of the companies.

Defendants' motion seeks 3 types of documents. Defendants decided to drop one type of document ("reflecting other patent acquisition transactions from L3Harris," the entity from whom Croga acquired the asserted patents). That leaves in dispute: (1) transcripts of all deposition and trial testimony given by Gerald Padian on behalf of AIP-related entities over the last 6 years, and (2) any licenses that AIP-related entities have entered into in the field of "network security," or that were granted to "manufacturers of components and/or services used in the Accused Products."

As to the first category, counsel for Defendants conceded at the hearing that it wants the transcripts primarily to search for possible impeachment, which the Court considers a mere fishing expedition. Mr. Padian has already sat for a deposition in this case, and Defendants were unable to identify any topic on which he asserted lack of memory or other inability to provide fulsome answers. On the other hand, Plaintiff articulated significant burden required to protect all of the

third party confidential information, governed by separate protective orders, covering each of those transcripts. Accordingly, the Court finds that the burden is disproportional to the minimal probative value. The motion is denied as to the first category.

As to the second category, licenses negotiated by Mr. Padian, there can be no doubt that such licenses are relevant *if* they are comparable to the license that will be at issue in the hypothetical negotiation the jury will be asked to evaluate in this case. The primary objections to the request are that Croga does not possess or control any such licenses, that permission of third parties would be needed, and that the category of such licenses is poorly defined in the motion.

The Court agrees with Plaintiff that "network security" is too broad and ill-defined a category of licenses to justify an order, especially since Defendants had an opportunity to inquire about such licenses in Padian's deposition and did not do so. However, to the extent that Mr. Padian has granted licenses to manufacturers of components and/or services used in the products accused in this action he is **ordered**, as the corporate representative of Plaintiff, to use his best efforts to obtain any such licenses from the AIP-related entities. Plaintiff is directed to provide a written description of those efforts and the results thereof by no later than **August 15, 2025**.

The motion is otherwise denied.

**SIGNED this 20th day of July, 2025.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE